## MARTIN v. E. I. DU PONT DE NEMOURS & CO.

### Civ. No. 762.

District Court, M. D. Tennessee, Nashville Division.

May 24, 1948.

Ward Hudgins, U. S. Atty., of Nashville, Tenn., for plaintiff.

Charles L. Cornelius and W. Ovid Collins, both of Nashville, Tenn., for respondent.

DAVIES, District Judge.

### Findings of Fact.

1. That the Court has jurisdiction of this cause pursuant to Section 8(e) of the Selective Training and Service Act of 1940, 54 Stat. 890, as amended, 56 Stat. 724, 50 U.S.C.A.Appendix, § 308(e), as extended by the Service Extension Act of 1941, 50 U.S.C.A.Appendix, §§ 351–357.

2. That petitioner is a resident of Nashville, Davidson County, Tennessee. That the respondent is, and at all times mentioned herein, was a Delaware corporation authorized and qualified to do business in the State of Tennessee, and that respondent maintains a place of business at Old Hickory, in Davidson County, Tennessee.

3. The only question before the Court is whether or not petitioner Martin occupied a position other than a temporary one with respondent at the time he was inducted into the Armed Forces in March of 1944.

4. That on or about August 2, 1940, petitioner, while employed as a B-Class Mechanic at respondent's DuPont plant located at Old Hickory, Tennessee, was called into the employment office and advised that there was a reduction in force soon to come and that in all probability if petitioner remained there he would in due course be affected by this reduction in force and be laid off from work. He was further advised at this time by the employment representative that there was a job waiting for him at the Chickasaw Ordnance Works, Mullington, Tennessee, a plant being constructed by the DuPont corporation. Petitioner decided to accept this transfer and employment to the Chickasaw Ordnance Works plant rather than remain at

Old Hickory to take his chances on being affected by the reduction in force, and so advised the employment representative. Petitioner worked at the Chickasaw Ordnance plant at Millington, Tennessee, until about March 28, 1941. From there petitioner was transferred to another plant being constructed by DuPont Corporation at Charlestown, Indiana, where he worked from fourteen to sixteen months. As soon as his work was finished at Charlestown, Indiana, he was transferred to the Louisville Neoprene Plant, another plant being constructed and operated by the DuPont plant at Louisville, Kentucky, at which plant he was continuously employed until March 28, 1944. All of the arrangements necessary for the transfer of petitioner's services and reemployment in his transfers from the Old Hickory DuPont plant to the Chickasaw Ordnance Works, to Charlestown, Indiana, and to the Neoprene plant at Louisville, Kentucky, were made by the Personnel Division of the DuPont Corporation.

Petitioner left the Neoprene plant and was inducted into the Armed Forces of the United States pursuant to orders of his Draft Board on March 31, 1944.

5. Petitioner was employed by the Old Hickory DuPont plant in January of 1933, and has continuous company seniority with respondent from that date up to and including the date of the trial of this cause, except for some six days' time lost in transferring from Old Hickory DuPont plant to Chickasaw Ordnance Works at Millington; to the Charlestown, Indiana, plant, to the Louisville Neoprene plant. Petitioner's employment with respondent was permanent and continuous and not temporary or intermittent.

6. Petitioner was upgraded from B-Class Mechanic to A-Class Mechanic on his transfer to the Millington Ordnance plant on or about August 2, 1940, and held this rating as A-Class Mechanic up to and including March 28, 1944, at which time he left respondent's employment to be inducted into the Armed Forces. In addition thereto, petitioner retained all insurance and vacation benefits just as if he had worked continuously at the Old Hickory DuPont plant and not transferred anywhere.

7. Petitioner was reemployed at the Old Hickory DuPont plant on December 21, 1945, as a B-Class Mechanic.

8. Respondent refused to reemploy plaintiff as an A-Class Mechanic, which was the employment classification he held at the time of his induction into the Armed Forces.

9. Other machinists who were C and B-Class machinists with petitioner in 1940 have been upgraded to A and A-1 Mechanics, and in one or more instances, other mechanics there have been rated ahead of petitioner, even though his company seniority is greater.

10. Petitioner enjoys an excellent work record with respondent.

Conclusions of Law

1. Petitioner's position with respondent at the time he was inducted into the Armed Forces was one other than temporary.

2. The policy devised by respondent requiring petitioner to make a new application upon being transferred from one job to another so that his service with the construction department could be designated as temporary when as a matter of fact it was continuous was a subterfuge and amounted to a constructive fraud upon petitioner's rights under the terms and provisions of the Selective Training and Service Act, as amended and extended.

3. Petitioner should have been reemployed on December 21, 1945, as an A-Class Mechanic rather than a B-Class semi-skilled mechanic.

4. Petitioner is entitled to judgment in the amount of Four Hundred and Twelve ($412.00) Dollars, which is the additional pay he would have received had he been reemployed as an A-Class Mechanic on December 21, 1945.

5. Respondent will pay all the costs of this cause.

Judgment accordingly.